IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| *In re* THE MATTER OF THE COMPLAINT AND PETITION OF GRANITE-ARCHER WESTERN, A JOINT VENTURE, GRANITE CONSTRUCTION COMPNAY, AND ARCHER WESTERN CONTRACTORS, LTD., AS OWNERS *PRO HAC VICE* AND OPERATORS OF THE P/B COTTONMOUTH, AND SIX SHUGART SECTIONAL FLEXI-BARGES, THEIR ENGINES, TACKLE, APPURTENANCES, ETC., AND AS OWNWERS AND OPERATORS OF THE M/V MONARCH, AND ITS ENGINES, TACKLE, APPURTENANCES, ETC. IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. G-07-581<br><br>ADMIRALTY<br>Fed. R. Civ. P. 9(h) |

**OPINION & ORDER**

Presently before the court in this Limitation of Liability action are Claimant Joseph Sees' ("Sees'") motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (Docs. 13 & 14). Petitioners Archer Western Contractors, Ltd., Granite Construction Company, and Granite Archer Western, A Joint Venture (collectively "Petitioners") have filed a response (Doc. 22).

Because it appeared necessary to consider materials outside the pleadings, the court provided notice to the parties of its intent to treat the motions to dismiss as motions for summary judgment under Fed. R. Civ. P. 56(c). (*See* Order, dated May 12, 2008, Doc. 32). The court therefore provided the parties twenty (20) days to supplement the record with any additional, relevant material. On June 2, 2008, Sees filed his first supplemental motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (Doc. 34). Petitioners filed a response to this supplemental motion (Doc. 36).

1

Having considered these filings, and for the reasons explained below, the court ORDERS that Sees' motions to dismiss (Docs. 13, 14, and 34), now construed as motions for summary judgment, are DENIED.

## I.     Background & Relevant Facts

This is a limitation of liability proceeding under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* It arises from a maritime casualty occurring on March 20, 2007, which involved a collision between the M/V MONARCH and a flotilla of Six Shugart Sectional Flexi-Barges ("Six Barges") being pushed by the P/B COTTONMOUTH. Petitioners were the owners or owners *pro hac vice* and operators of the M/V MONARCH, the P/B COTTONMOUTH, and the Six Barges. The collision occurred in Bay St. Louis, Pass Christian, Harrison County, Mississippi.

Sees allegedly worked aboard the M/V MONARCH at the time of the collision. He claims he suffered serious and permanent bodily injuries as a result of this incident. On May 17, 2007, counsel for Sees sent a letter to Petitioners informing them that Sees "may have a claim" against his employer, identified in the reference line as "Granite, Archer, Western," regarding the March 20, 2007, incident. (Letter to Doug Bagwell from Joseph LoCoco, dated May 17, 2007, Doc. 14 Ex. B) (the "May 17 Letter"). The May 17 Letter states as follows:

> I am responding to your correspondence of May 15, 2007. Although our research is not yet conclusive, it indicates that Joseph Sees may have a claim under General Maritime law against his employer, and, of course, any third parties who may have been negligent in causing his injuries.
>
> I would like to conduct the investigation as soon as possible because, as you know, the construction is rapidly ongoing, the scene will change, and evidence may disappear or otherwise be disposed of, moved or transported out of our area.
>
> I anticipate that the time requirements of this inspection will be as follows:

>1. Inspection of the superintendent's boat, which I have been informed is at a boat yard on Highway 613, allowing a half hour travel to the bridge site;
>
>2. One hour to survey the land based work site;
>
>3. One hour to examine and inspect the barges; and
>
>4. One hour to inspect the bridge structure.
>
>Based on these estimates, I would think the entire inspection would take 4.5 hours.
>
>I anticipate that I would be at the inspection along with my associate, Ian Baker, and, possibly, another attorney from our office, likely Virginia, along with a local marine surveyor, Buddy Payne.
>
>Your cooperation and courtesies, as always, are greatly appreciated.
>
>Please let me know when it would be convenient for this inspection to take place.

(*Id.*).  Thereafter, the parties exchanged several letters regarding the scheduling of an inspection of the site.  (*See* Letters, Doc. 34 Exs. C-G).[1]  None of these letters refer to any claim being made against the Petitioners.

On June 19, 2007, Lesli Abbott ("Abbott"), another claimant in this proceeding, filed suit in federal court against the Petitioners seeking damages related to the collision.  That case remains pending before the Honorable Keith Ellison.

Petitioners filed the current suit for limitation of liability on December 21, 2007. Under the Limitation of Liability Act, an "action must be brought within 6 months after a

---

[1] The Petitioners object to the admissibility of certain letters attached as Exhibits D though G to Sees' supplemental motion to dismiss on the basis that the letters are "unauthenticated."  "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).  Here, Sees has offered the affidavit testimony of one of his attorneys, who states that the documents attached to Sees' supplemental response "are true and correct copies of documents produced to or obtained by [the attorney's] office and kept in the regular course of business as attorneys for Joseph Sees."  (Newell Aff. at 1, Doc. 34 Ex. L).  This testimony of a witness with knowledge that a matter is what it is claimed to be satisfies the authentication requirements of Rule 901. *See* Fed. R. Evid. 901(b)(1). Petitioners' objection is **overruled**.

claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a) (former 46 U.S.C. App'x § 185); *see also* Fed. R. Civ. P. Supp. F(1). Sees claims that the May 17 Letter gave Petitioners sufficient "written notice of a claim" to trigger the six-month limitations period. Thus, Sees argues, Petitioners' suit is untimely and should be dismissed.

## II.     Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136

F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

## III. Analysis

The purpose of the relatively short limitations period under the Limitation of Liability Act "is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989). If a petition is not filed within the six-month period, the court must dismiss it as untimely. *Id.*; *see also In re Loyd W. Richardson Constr. Co.*, 850 F. Supp. 555, 557 (S.D. Tex. 1993); *In re Specialty Marine Servs., Inc.*, No. Civ. A. 98-2781, 1999 WL 147680, at *1 (E.D. La March 15, 1999). Nevertheless, the limitations period should be liberally construed in favor of the shipowner. *Rodriguez Moreira v. Lemay*, 659 F. Supp. 89, 90 (S.D. Fla. 1987).

As noted above, the six-month limitations period begins to run after a vessel owner receives "written notice of claim." "A 'written notice of claim' sufficient to trigger the filing-period must reveal a 'reasonable possibility' that the claim is subject to [limitation of liability]." *Billot v. Dolphin Servs.*, 225 F.3d 515, 517 (5th Cir. 2000) (citing *Complaint of Tom-Mac, Inc.*, 76 F.3d 678, 683 (5th Cir. 1996)). Under the "reasonable possibility" test, notice is sufficient if (1) it informs the shipowner of an actual or potential claim (2) which may exceed the value of the vessel and (3) is subject to limitation. *See id.*; *Complaint of Tom-Mac*, 76 F.3d at 683.

A letter may provide sufficient notice of a claim. *See Doxsee Sea Clam Co., Inc. v. Brown*, 13 F.3d 678, 683 (2d Cir. 1996). When determining whether a letter constitutes sufficient notice, courts typically examine a number of factors, which include whether the letter reveals a reasonable possibility that the claim is subject to the six-month limitations period, as well as whether the letter informs the shipowner (1) of the claimant's "demand of a right or supposed right"; (2) of the details of the incident; (3) that the owner appeared to be responsible for the damages in question; and (4) that the claimant intends to seek damages from the vessel owner. *See In the Matter of Loyd W. Richardson Const. Co.*, 850 F. Supp. 555, 557 (S.D. Tex 1993); *In re Oceanic Fleet, Inc.*, 807 F. Supp. 1261, 1262 (E.D. La. 1992); *In re Santa Fe Cruz, Inc.*, 535 F. Supp. 2d 853, 857 (S.D. Tex. 2007).

Here, the May 17 Letter is too ambiguous to have constituted sufficient "written notice of a claim." Although a letter may satisfy the written notice requirement "even if it is couched in tentative terms, referring only to the 'possibility' of legal action," *In re Complaint of Bayview Charter Boats, Inc.*, 692 F. Supp. 1480, 1485 (E.D.N.Y. 1988), the May 17 Letter, read in its entirety, does not provide sufficient notice of any legal action by Sees. The whole tenor of

the May 17 Letter is an attempt to schedule a time for the investigation of the accident site. The Letter does not specify any details of the March 20, 2007, incident. Nor does Letter indicate Sees' intention to seek damages from the Petitioners. Indeed, there is no indication that Sees is making a demand at all, other than the ability to schedule a time to investigate the accident site. Moreover, all of the letters following the May 17 Letter deal exclusively with the scheduling issues involving the on-site investigation. These letters fail to even mention a claim or discuss any further legal action. The May 17 Letter is simply too vague to have put Petitioners on notice. Mere knowledge on the part of the Petitioners that the event took place or that a demand was being made is not sufficient, standing alone, to trigger the running of the six-month statute of limitations. *See Complaint of Bayview Charter Boats*, 692 F. Supp. at 1484. As such, the court concludes that the Petitioners' limitation action was timely filed.

**IV.  Conclusion**

Accordingly, and for the reasons explained above, it is hereby

ORDERED that Claimant Joseph Sees' Motions to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted (Docs. 13 and 14) and Claimant Joseph Sees' First Supplemental Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 34) are DENIED.

SIGNED at Houston, Texas, this 29th day of August, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE